UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACEY HERNANDEZ, et al.,

        Plaintiffs,

    v.

SEPHORA USA, INC.,

        Defendant.

Case No. 16-cv-05392-WHO

**ORDER DENYING MOTION TO STAY**

Dkt. No. 27

## INTRODUCTION

Plaintiffs Lacey Hernandez and Brenda Morales filed a putative class action and collective action against their former employer, Sephora USA, Inc. ("Sephora"), alleging that Sephora maintains practices and policies that require employees to perform work without proper compensation, in violation of state and federal overtime wage provisions. The complaint asserted one claim under the Fair Labor Standards Act ("FLSA") and nine claims under California state law. Plaintiffs subsequently discovered that there were two prior-filed class actions proceeding in state court alleging overlapping California state law claims. Following a meet and confer with Sephora, plaintiffs voluntarily dismissed their California claims and refiled them in state court.

Sephora now moves to stay plaintiffs' remaining FLSA claim, as it applies to California plaintiffs only, under the *Colorado River* doctrine. I heard oral argument on Sephora's motion on March 8, 2017. It is unclear that *Colorado River* applies to this case but it is clear that Sephora would use its proposed stay to try to dismiss the remaining FLSA claims on the basis that the California- based plaintiffs would not be adequate collective representatives, thereby seriously impacting the rights of the federal litigants in the remaining 49 states. If *Colorado River* applies, its factors weigh against a stay. Sephora's motion is DENIED.

United States District Court
Northern District of California

**BACKGROUND**

Sephora is a cosmetic retail chain with its principal place of business in San Francisco, California. Answer ¶5 (Dkt. No. 18). Plaintiffs Hernandez and Morales are California residents and former Sephora employees. Compl. ¶¶ 3-4. Their FLSA claim asserts that Sephora made its employees work "off the clock" by requiring them to submit to bag inspections after clocking out and by requiring them to spend significant time laundering their work uniforms and applying required high levels of makeup during off hours and on breaks. *See* Compl. ¶¶ 14-19. Given this "off the clock" work, plaintiffs contend that their total hours worked, and therefore their total overtime compensation, was not properly calculated and paid. Plaintiffs' FLSA claim is based on alleged company-wide Sephora policies and they seek to represent a nationwide collective class.

Plaintiffs' complaint also alleged nine causes of action under California state law brought on behalf of a California class. These include a California overtime claim premised on the same factual allegations as their FLSA claim. *See* Compl. ¶¶ 56-94. Plaintiffs' California state law claims are similar to and overlapping with claims brought against Sephora in two prior-filed state court suits: the first case, *Burnthorne-Martinez v. Sephora USA, Inc.*, Case No. CGC-16-550894 ("*Martinez*"), was filed on March 10, 2016 in Superior Court of California, County of San Francisco, and the second case, *Provencio v. Sephora USA, Inc.*, Case No. 16-cv-294112, was filed on April 20, 2016, in Superior Court of California, County of Santa Clara. Plaintiffs' FLSA claim and their state law claims differ in that the putative FLSA collective class is nationwide, and seeks unpaid overtime only for collective class members who worked 40 or more hours "on the books" in a given week, while the state law claims are brought on behalf of a putative class of California employees, and seek unpaid compensation for all work performed off the clock. *See* Mot. at 5.

In light of the *Provencio* and *Martinez* cases, plaintiffs agreed to dismiss their state-court claims and refile them in California court, which they have now done. Mot. at 7-8 (Dkt. No. 27). The nationwide FLSA claim is all that remains here.

Sephora now moves to stay plaintiffs' FLSA claim for the California class, pending resolution of the California state actions, pursuant to the *Colorado River* doctrine. Mot. at 4.

Sephora argues that such a stay is appropriate because plaintiffs' FLSA claim is premised on the same allegations and theory as their state overtime claims and the allegations in *Martinez* and *Provencio*. As such, "there is a high likelihood that Plaintiffs' overtime allegations will be resolved by their own state law claims and the two pending California state actions." Mot. at 5, 7. It contends that staying the FLSA claim for class members in the other 49 states would be counter-productive because "it is unlikely that the California state actions would have any bearing on those employees' claims." Mot. at 8.

Plaintiffs are willing to stay their FLSA claim as to the entire nationwide putative class, but oppose a stay of only the California FLSA class. Oppo. at 13. Because the named plaintiffs are both California residents, plaintiffs are particularly concerned that if the California claims are stayed, Sephora will move to dismiss the remaining FLSA claims on the basis of inadequate representation.

**DISCUSSION**

The *Colorado River* doctrine is "a form of deference to state court jurisdiction" rather than a form of abstention. *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). "[T]he *Colorado River* doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* (internal quotation marks omitted). It is properly applied only in "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

## I.      WHETHER THE *COLORADO RIVER* DOCTRINE APPLIES

"The threshold for applying the *Colorado River* doctrine is whether the relevant federal and state court cases are substantially similar." *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d

United States District Court
Northern District of California

3

1014, 1021 (N.D. Cal. 2008).  There is no clear test for assessing substantial similarity between cases.  Sephora argues that the federal and state cases here are substantially similar because they involve the same underlying factual issues, the same defendants, and overlapping California Class members.

Sephora asserts that "[s]ubstantial similarity does not mean that the cases must be identical."  *Id.* at 1022.  It cites three cases in which federal courts applied the *Colorado River* doctrine in the face of non-identical federal and state court proceedings.  *See Ross*, 542 F. Supp. 2d at 1022 (a federal case bringing twelve causes of action, ten of which involved violations of Oregon state law, was substantially similar to a prior-filed Oregon state case raising the same state claims); *see also Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (cases were substantially similar where federal case was a "spin-off" of a more comprehensive state litigation that had been ongoing for years);  *Adedapoidle-Tyehimba v. Crunch LLC*, No. 13-cv-225-SI, 2013 WL 1890718, at*4 (May 3, 2013) (federal case raising a FLSA claim and California state claims was substantially similar to California case raising the same state claims).

While these decisions illustrate that cases need not be identical to be substantially similar, none of these cases parallel the facts here.  In *Ross*, there were ten overlapping state court claims brought in both the federal and state court proceedings.  542 F. Supp. 2d at 1022.  Here there are no overlapping claims as the state court proceedings involve only California state claims and this case involves only a FLSA claim.

In *Nakash*, the Ninth Circuit emphasized that the federal case was a "spin-off" of the state court case, and simply addressed narrower issues than those that were already well underway in state court.  882 F.2d at 1417.  Here, although the FLSA claim involves overlapping factual issues with regard to the California class members, there are no overlapping legal issues for class members in the other 49 states; the California case cannot have a preclusive effect on the non-California class members' claims.  This case is therefore not a "spin-off" of a more comprehensive state court case – there are many potential collective members and interests that will not be addressed by the state court proceedings.

Finally, in *Crunch*, the federal court found substantial similarity between a federal case

United States District Court
Northern District of California

involving a FLSA claim and various California state claims and a state court proceeding involving the same state claims. 2013 WL 1890718 at *4. As with *Ross*, *Crunch* does not parallel the facts here because there are no overlapping state court claims remaining. Further, and importantly, in *Crunch* the court did not stay the FLSA claim; it stayed only the duplicate state court claims and allowed the nationwide FLSA claim to proceed in federal court even though there were questions as to whether the California FLSA claims had been released by a state court settlement and would be resolved by the state court proceedings. *Id.* ("[D]efendants' *Colorado River* abstention arguments are directed at the state claims, not the FLSA claim. In any event, the Court has determined that at this stage of the litigation, plaintiff's FLSA claim may proceed, and the validity of the release of [the California FLSA claim] is a question to be resolved by the state court judge in the first instance.").

While this case is similar to the California state cases in that it involves similar underlying facts, overlapping California class members, and the same defendants, it is different in that there are no overlapping claims and it involves a nationwide collective action while the California cases are limited to California plaintiffs. These facts are distinguishable from those in *Ross*, *Nakash*, and *Crunch*. Further, in *Crunch*, the case that arguably most closely parallels the facts here, the court dismissed only the state claims and allowed the nationwide FLSA claim to proceed in federal court. Since plaintiffs have already dismissed their state law claims, the current procedural posture of this case is virtually identical to the result reached in *Crunch*. Were the *Crunch* court faced with the facts here, it may not have applied *Colorado River* at all.

As a threshold matter, then, it is not clear that this case is "substantially similar" to the California state cases such that the *Colorado River* doctrine should apply. But analysis of the *Colorado River* factors further demonstrates that a stay is not appropriate.

## II.       THE *COLORADO RIVER* DOCTRINE

In assessing whether to a stay a case pursuant to *Colorado River*, courts in the Ninth Circuit consider eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state

law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (internal footnotes omitted).  These factors are weighed in a "pragmatic, flexible manner with a view to the realities of the case at hand" and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses Cone*, 460 U.S. at 16, 21.  A court may disregard any factors that are irrelevant to the particular inquiry.  *Nakash v. Marciano*, 882 F.2d 1411, 1415 n.6 (9th Cir. 1989).[1] By far the most important factor here is that the state court proceedings would not adequately protect the rights of the federal litigants.  But I will review the other factors as well for completeness.

## A.       Desire to Avoid Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  However, "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance. . . . Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." *R.R. St. & Co*, 656 F.3d at 979 (internal citations and quotations omitted).

Sephora contends that staying the California FLSA class will "permit the state court proceedings to resolve first and, through the application of preclusion doctrines, prevent the Parties from re-litigating the same issues for California members of an FLSA collective class." Mot. at 9.  It contends that allowing the California claim to move forward in parallel with the state claims would waste judicial resources by requiring the courts to adjudicate identical issues.  *Id.* at 9.  It adds that discovery in this action could be duplicative of discovery in the state action which would put an unnecessary burden on Sephora.  *Id.*  Finally, it warns of the risk of inconsistent

---

[1] The first two factors are irrelevant to this case as there is no property at issue and both the federal and state forums are convenient.

1   rulings on key discovery issues and dispositive motions. *Id.*

2       Sephora's arguments are not particularly convincing given that Sephora does not seek to stay

3   the FLSA claims for employees in the other 49 states.  As it concedes, plaintiffs' "California

4   FLSA claim is identical—as pled—to the FLSA claim for the other 49 states."  Staying the

5   California class claims will not save judicial resources since this court will already be adjudicating

6   nearly identical issues for 49 other states' collective members.  Similarly, the additional discovery

7   burden on Sephora for the California FLSA claim appears negligible as it will already be obligated

8   to respond to and produce discovery for the 49 other states' claims.  Since plaintiffs' FLSA

9   allegations are based on company-wide policies, there is likely to be significant overlap between

10   the California FLSA discovery and the non-California FLSA discovery.  And even though the

11   FLSA claim requires Sephora to produce state-specific discovery, it will already be required to

12   produce California-specific discovery in the state-court proceedings.  With cooperation among

13   counsel it will likely be able to produce California-specific discovery in this case with almost no

14   additional burden.  The additional discovery burden to Sephora for the California FLSA claims

15   specifically, if any, is negligible.  While there is potential for conflicting or inconsistent rulings,

16   Sephora has not identified extraordinary circumstances with regards to the separate litigation of

17   the FLSA and state law claims that would justify a stay.  The piecemeal-litigation factor does not

18   weigh in favor of a stay.

19       **B.**       **Order of Jurisdiction**

20       Sephora argues that this factor weighs in favor of staying the California FLSA class

21   because *Martinez* and *Provencio* were filed months before this case and have progressed further.

22   When an earlier-filed proceeding has progressed further, this factor supports deferring jurisdiction.

23   *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011).  Notably, however,

24   *Martinez* and *Provencio* are in their early stages and the parties are still moving through discovery.

25   The FLSA claims at issue in this case have not been raised in state court.  Given that the state-

26   court proceedings are in their early stages, to the extent this factor weighs in favor of a stay, it

27   does so only weakly.

28

United States District Court
Northern District of California

7

**C.     Whether Federal or State Law Provides the Rule of Decision**

Federal law alone governs plaintiffs' FLSA claim.  "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]."  *Moses Cone*, 460 U.S. at 26.  However, "the source-of-law factor has less significance" where "the federal courts' jurisdiction . . . is concurrent with that of the state courts."  *Id.* at 25.  The FLSA provides that employees may bring FLSA claims in "any Federal or State court of competent jurisdiction" meaning that plaintiffs could bring their California FLSA claim in state court.  29 U.S. Code §216. This potential for concurrent jurisdiction indicates that the importance of this factor may be low. However, given the federal nature of this action and the fact that the California FLSA claim has not been brought in any of the state court proceedings, this factor still weighs against a stay.

**D.     Whether State Court Proceedings Can Adequately Protect Federal Litigants**

Sephora argues that the state court proceedings will adequately protect the rights of the named plaintiffs and the California class members because the overtime claims raised in plaintiffs' FLSA claim will be addressed in state court.  Mot. at 12.  It ignores the interests of the class members of the remaining 49 states.

As plaintiffs point out, and Sephora conceded at the hearing, should Sephora successfully stay the FLSA claim with regard to the California collective class it would likely subsequently move to dismiss the remaining FLSA claims on the basis that the named plaintiffs, who would belong to the stayed California collective, would not be adequate to represent the interests of the remaining 49 states' members.  A dismissal of these claims would seriously impact the rights of the federal litigants in the remaining 49 states.  Plaintiffs could attempt to find new plaintiffs to represent these claims, but it is not evident that they will be able to locate replacement plaintiffs in time to save them from a dismissal.  They could refile these claims with new representatives after a dismissal, but because the FLSA statute of limitations runs backwards from the date of filing, they would lose out on months of potential liability and damages.

Sephora's failure to address this serious issue, focusing only on the rights of the California class members and arguing that representative plaintiffs are often replaced and substituted in class actions and collective cases, is fatal to their motion.  There is a real risk that plaintiffs will not be

able to find adequate replacements for the California class members and that their FLSA claim could be dismissed.  While the California class's rights would be protected by a stay, the rights of the class members in the 49 other states would not be.  This factor weighs strongly against a stay.

### E.      Forum Shopping

"To avoid forum shopping, courts may consider 'the vexation or reactive nature of either the federal or the state litigation.' "  *R.R. Street & Co. Inc.*, 656 F.3d at 981.  Plaintiffs originally filed all their claims in federal court.  After realizing that there were two prior-filed cases with overlapping state claims proceeding in California state court, plaintiffs voluntarily dismissed their state claims and refiled them in state court so they could participate in the state court proceedings.  As plaintiffs' filed this federal action before any other action and have only brought their FLSA claims in this case, there is no evidence of forum shopping.  Further, since plaintiffs' FLSA claims are federal claims, it is rational, even preferable, that they would seek to pursue these claims in federal court.  This factor weighs against a stay or, at a minimum, is neutral.

### F.      Whether State Court Proceedings Will Resolve All Issues

The final factor is whether the state court proceeding will resolve all issues.  Abstention is appropriate under *Colorado River* "if [the court] has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.' "  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quoting *Moses Cone*, 460 U.S. at 28).  Sephora notes that the resolution of the state court proceedings could resolve all the issues with the California FLSA claims because these overtime claims are more narrow than the California overtime claims.  Mot. at 11.  But Sephora also admits that the resolution of the state court proceedings will have no impact on the claims in the remaining 49 states.  *Id.* at 12.  Sephora asserts that this warrants a stay of the California FLSA claims but not the claims in the remaining 49 states.

While courts frequently allow a partial stay under *Colorado River*, generally this involves staying some, but not all *claims*, rather than staying only part of a claim.  *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp.2d 1160, 1172 (C.D. Cal. 2008) (instituting a partial stay of state law claims raised in both federal and state court but allowing federal securities claim to

proceed); *Taylor v. AlliedBarton Sec. Servs. LP*, No. 13-cv-01613, 2014 WL 1329415, *5 n. 6 (E.D. Cal. Apr. 1, 2014) (staying state law claims but permitting a FLSA claim to proceed in federal court); *ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121 (C.D. Cal. 2014) (concluding that the court could stay various claims while allowing a federal securities law claim to proceed).  This makes sense given one of the key purposes of the *Colorado River* doctrine is to "give[] regard to conservation of judicial resources and comprehensive disposition of litigation." *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (internal quotation marks and citations omitted).  If a stay will allow a state court to resolve an issue entirely, making it unnecessary for the federal courts to expend judicial resources resolving a duplicate issue, a stay serves these purposes.  Here, however, a stay would do virtually nothing to preserve judicial resources.  If the California FLSA claims were stayed, the court would still need to resolve nearly identical issues with regards to plaintiffs' FLSA claims as they relate to collective members in the other 49 states.  This factor does not weigh in favor of a stay.

> **G.     Balancing the *Colorado River* Factors**

Although the state-court proceeding could resolve the underlying factual issues pertinent to the California FLSA claim, legally, those issues will have no impact on the claims for collective members in the other 49 states.  Sephora suggests that this supports a partial stay of the California collective claims alone, but such a partial stay would do nothing to conserve judicial resources or avoid unnecessary discovery.  While exercising jurisdiction over the California FLSA claims could result in inconsistent federal and state rulings on some issues, there is no strong federal policy against piecemeal litigation of this kind absent extraordinary circumstances.  Additionally, a pernicious effect of the proposed stay is to tee up a motion to dismiss the remaining FLSA claims on the basis of inadequate representation.  It is not the goal of the *Colorado River* doctrine to provide parties an avenue to engage in strategic maneuvering of this kind.  Given that a stay would do little to serve the purposes of the *Colorado River* doctrine and would provide Sephora a means of dismissing the potentially meritorious FLSA claims for the remaining 49 states, a stay is not appropriate.

**CONCLUSION**

For the reasons stated above, Sephora's motion to stay plaintiffs' California FLSA Class is DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2017

William H. Orrick
United States District Judge