UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEPHORA USA, INC.,<br><br>    Defendant. | Case No. 16-cv-05392-WHO<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION** |

Plaintiffs Lacey Hernandez and Brenda Morales bring a putative class action and a Fair Labor Standards Act ("FLSA") collective action on behalf of themselves and all similarly situated non-exempt employees and former employees of Sephora USA, Inc. ("Sephora"). They allege that Sephora required application of a minimum amount of makeup and the maintenance of that makeup throughout the day without compensation for the time spent doing so. Plaintiffs claim that because of this makeup requirement, Sephora did not provide employees with the wages to which they were entitled. Plaintiffs move for conditional certification of their FLSA claim. They also request equitable tolling to account for procedural delays. For the reasons outlined below, plaintiffs' motion for FLSA certification is GRANTED in part and their request for equitable tolling is DENIED.

**BACKGROUND**

Hernandez and Morales are California residents and former Sephora employees. Compl. ¶¶ 3-4. They bring a FLSA claim against Sephora, asserting that Sephora required employees to spend significant time applying required levels of makeup during off hours and on breaks. *See* Compl. ¶¶ 14-19. Given this "off the clock" work, plaintiffs contend that their total hours worked, and therefore their total overtime compensation, was not properly calculated and paid. Plaintiffs' FLSA claim is based on alleged company-wide Sephora policies, and they seek to represent a

nationwide collective class.

Plaintiffs brought this action on September 20, 2016, alleging nine causes of action. Compl. (Dkt. No. 1). They stipulated to dismiss their state-court claims on February 2, 2017. Dkt. No. 30. Sephora subsequently moved to stay this action, which I denied on March 13, 2017, declining the application of the *Colorado River* abstention doctrine. Dkt. No. 37. Plaintiffs now move for conditional certification of their collective action under § 216(b) of FLSA.[1]

## LEGAL STANDARD

An employee may bring a collective action under the FLSA on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Most courts follow a two-step approach to determine whether employees in a proposed collective are "similarly situated" such that FLSA certification is appropriate. *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010); *see also Daniels v. Aeropostale West, Inc.*, No. C-12-05755-WHA, 2013 WL 1758891, *5 (N.D. Cal. Apr. 24, 2013). During the first step, the court must determine whether the proposed collective should be informed of the action and given "notice." *Harris*, 716 F. Supp. 2d at 837. At the notice stage it is the plaintiffs' burden to make substantial allegations that the putative collective members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the "mere averments" in the complaint. *Daniels*, 2013 WL 1758891, *6. The "notice" stage determination of whether the putative collective members will be similarly situated is made under a "fairly lenient standard" which typically results in conditional certification. *Id.*

Given the lenient standard at the notice stage, courts have held that plaintiffs bear a "very light burden" in substantiating the allegations. *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776-SC, 2007 WL 2729187, *5 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage.").

---

[1] Both parties filed objections to evidence submitted in support of the briefing on this motion. To the extent that this order relies upon evidence to which there is an objection, the objections are overruled. To the extent that this order does not rely on such evidence, the objections are overruled as moot. I have not relied on any inadmissible evidence in deciding this motion.

2

"[T]he party opposing the certification may move to decertify the class once discovery is complete." *Benedict v. Hewlett-Packard Co.*, No. C-13-0019-LHK, 2014 WL587135, at *5 (N.D. Cal. Feb. 13, 2014). During this second stage the court makes factual determinations as to the "propriety and scope of the class, and must consider three factors: (1) the disparate factual and employment setting of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individuals plaintiffs; and (3) fairness and procedural considerations." *Richie v. Blue Shield of California*, No. C-13-2693-EMC, 2014 WL 6982943, at *7 (N.D. Cal. Dec. 9, 2014). During this stage the "court engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried." *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C 083182-PJH, 2009 WL 723559, at *4 (N.D. Cal. Mar. 18, 2009). The second step of FLSA certification occurs "after the conditional class has received notice and discovery has been completed. *Richie*, 2014 WL 6982943, at *7. "Where substantial discovery has been completed [at the time plaintiffs' move for conditional certification], some courts have skipped the first-step analysis and proceeded directly to the second step." *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274, 2007 WL 2385131, at *4 (C.D. Cal. Aug. 15, 2007).

## DISCUSSION

### I.    CONDITIONAL CERTIFICATION

Plaintiffs assert that Sephora had a nationwide policy of requiring workers to apply and maintain a minimum level of makeup and relegating that the makeup be applied "off the clock" in violation of the FLSA. *Id*. They seek to conditionally certify a collective of all individuals employed by Sephora as "Cashiers," "Cash Wrap Coordinators," "Personal Beauty Advisors," and/or "Product Consultants" paid on an hourly basis from June 20, 2014 to present. To satisfy the burden at the conditional certification stage, plaintiffs must provide "little more than substantial allegations, supported by declarations or discovery, that putative class members were together the victims of a single decision, policy, or plan." *Velasquez v. HSBC Finance Corp*., 266 F.R.D. 424, 427 (N.D. Cal. 2010).

To support their allegations, plaintiffs provide Sephora's Employee Manual and

1  declarations from former Sephora employees. The manual states, "Cast members may apply and
2  reapply cosmetics from testers onstage before or after store hours provided they are 'off the clock.'
3  If the store is open, cosmetics must be applied in the backstage area only." Archbold Decl., Ex. A
4  at SEPH000212 (Dkt. No. 51-2). This policy, as stated in the employee manual, allegedly resulted
5  in the employees working significant minutes each day applying sufficient makeup and not being
6  adequately compensated. The minimum makeup requirements were optional for male cast
7  members and required for female case members. The requirements were as follows:

> The minimum makeup requirements for women working onstage are provided below. The requirements are optional for male cast members.
>
> Additional makeup requirements are based on the management team's discretion.
>
> − Lipgloss or lipstick in any color. Will be reapplied throughout the day.
> − Eyes: Mascara and a minimum of two eyeshadow colors or one eyeshadow with a liner that is noticeable to the client
> − Complexion: Foundation or tinted moisturizer
> − Cheek: Choice of check color in a powder, bronzer, blush or stain.
>
> Sephora is known as the beauty authority. Cast members must reflect passion and fun with their makeup while respecting their individuality.
>
> Cast members' makeup should generate client curiosity.

*Id.*

In July 2016, Sephora changed its written guidelines. The new guidelines explicitly state that the application of the makeup is optional for all Cast Members, both men and women, and are as follows:

> The makeup suggestion for working onstage is provided below. Any cast member may choose to participate.
> − Lips: Lip gloss or lipstick
> − Eyes: Mascara, eye shadow and/or a liner
> − Complexion: Foundation or tinted moisturizer
> − Cheek: Choice of cheek color
>
> Sephora is known as a beauty authority. Cast members should reflect passion and fun with their makeup while respecting their individuality.
>
> Below are suggestions to achieve an image as a leading expertise in beauty:

4

> − Wearing makeup looks that are highlighted in the current Animation
> − Makeup looks that generate client curiosity
>
> Cast members may apply and reapply cosmetics from testers onstage before or after hours. If the store is open, cosmetics must be applied in the backstage area only.

Perna Decl., Ex. B. at SEPH000786.

Plaintiffs also rely on their own declarations and the declaration of a third former employee to support their nationwide FLSA allegations. Hernandez testified that Sephora managers and supervisors instructed her that Sephora required employees to wear makeup and that this application of makeup was not compensable time. Hernandez Decl. ¶6; Hernandez Depo. at 96:8-23, 136:23-140:10 (Dkt. No. 51-3). Morales testified that during her employment at Sephora, she was required to wear a minimum amount of makeup, and the maintenance of that makeup was not considered compensable time by Sephora. Morales Decl. ¶12, 16; Morales Depo. at 128:10-129:4 (Dkt. No. 51-4). A third employee, Rose Provencio, also testifies that her experience was similar to that of the plaintiffs and that she witnessed other employees instructed regarding sufficient amount of makeup required. *See* Allen Decl., Ex. A, Provencio Depo. at 138:13-25 (Dkt. No.51-6). Plaintiffs assert that their testimony, combined with that of Provencio and the documentary evidence of Sephora's companywide employee policy, is sufficient to meet the low burden for conditional FLSA certification of a nationwide class.

Sephora opposes the motion for conditional certification, asserting that (1) plaintiffs do not present allegations or competent evidence that demonstrates that Sephora's guidelines are illegal or give rise to overtime liability under FLSA and (2) plaintiffs fail to show that they are "similarly situated" to the more than 5000 Cast Members across more than 350 stores nationwide from the beginning of the putative class period through the present. In support, Sephora relies on *Integrity Staffing Sols., Inc. v. Busk*, 135 S. Ct. 513, 516 (2014), to argue that makeup application is not "integral and indispensable" to a Sephora's regular work and therefore clearly falls into non-compensable preliminary activities. Sephora also points to the inconsistent application of the makeup policy in Sephora stores prior to July 2016 and the change in the makeup policy in July 2016 to argue against a nationwide FLSA claim.

### A. Plaintiffs Have Alleged Common Policy or Plan

Sephora argues that plaintiffs do not allege a sufficient common policy or plan under FLSA because plaintiffs do not present allegations or competent evidence that Sephora's guidelines are illegal or give rise to overtime liability. Plaintiffs argue that this is not the standard for this stage in certification. Instead, they need to merely make "allegations that the putative class members were subject to a single illegal decision, policy, or plan." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). Sephora claims that this is not sufficient because plaintiffs must demonstrate that applying makeup is "integral and indispensable" to their work as required by the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., in order to allege a sufficiently illegal policy. I am not persuaded by this argument. Such an inquiry goes well beyond the requirements of conditional certification at this stage in litigation.

The standard at this stage is a lenient one. To satisfy this standard, plaintiffs must demonstrate "some factual basis beyond the mere averments in their complaint for the class allegations." *Adams*, 242 F.R.D. at 536. In their complaint, plaintiffs allege that Sephora required them to perform compensable work "off the clock" by mandating that they spend significant time applying required makeup during off hours and on breaks. *See* Compl. ¶¶ 14-19. To support these allegations, plaintiffs provide declarations from former employees that describe how the makeup requirements were implemented at Sephora. This is sufficient as an allegation of a common policy or plan.

### B. Plaintiffs Are Similarly Situated

Sephora also argues that plaintiffs cannot demonstrate that they are "similarly situated" to the potential class members because (1) the guidelines that plaintiffs rely upon as evidence changed in July 2016 and (2) prior to July 2016, the amount of time each Cast Member spent on makeup was a highly individualized inquiry incapable of "similarity." Plaintiffs contend that they meet the "similarly situated" standard and that Sephora's arguments impermissibly and prematurely address the merits of the class certification.

#### 1. Guidelines Prior to July 2016

Sephora argues that plaintiffs cannot demonstrate that they are similarly situated to the

6

potential class members who worked under the pre-July 2016 guidelines. Sephora argues that (i) the makeup guidelines were optional for male Cast Members; (ii) managers had discretion to implement the guidelines; (iii) the amount of makeup and time spent varied depending on the Cast Member; and (iv) managers differed regarding whether makeup application was allowed "on the clock." Plaintiffs maintain that these Sephora's arguments are not relevant to conditional certification.

Sephora's concern about the individualized nature of damages is irrelevant in considering conditional certification. *See Adams*, 242 F.R.D. at 537. Its arguments regarding the variation in how and to what extent the policy was implemented are immaterial at this stage. But Sephora correctly points out that male Cast Members were not required to wear makeup under the guidelines. Further, plaintiffs own declarations indicate that the male Cast Members often did not wear makeup. Consequently, plaintiffs cannot show that they are "similarly situated" to the male Cast Members because they provide no evidence that male Cast Members were subject to the common policy. Accordingly, plaintiffs' allegations and evidence do not support certification for a class that included male Cast Members.

### 2. Guideline After July 2016

Sephora contends that, because plaintiffs rely solely on makeup guidelines that were changed in July 2016 and do not even acknowledge the change, they cannot be "similarly situated" as employees working under the changed guidelines. Plaintiffs counter that the declaration of a former employer, Jessica Duran, as well as Sephora's own declarations, demonstrate that Sephora implements the makeup policy the same way that it did pre-July 2016, even though the written policy has changed. *See* Duran Decl. ¶6 (Dkt. No. 54-1); Stewart-McCabe Decl. ¶6 (Dkt. No. 52-20); Ricketts Decl. ¶4. Given the low bar at this stage, the declarations filed by both Sephora and the plaintiffs suggest that, though the explicit guidelines changed, there is still sufficient evidence to indicate that the makeup requirement remained. And the new guidelines clearly state that makeup must be applied "off the clock." This allows conditional collective certification.

### C. Scope of the Conditional Certification

Sephora requests that if I grant this motion, certification should be limited to "female

'Cashiers,' 'Cash Wrap Coordinators,' 'Personal Beauty Consultants,' and/or 'Product Consultants,' who worked 40 or more hours in a given week, from the beginning of the FLSA statute of limitations through June 2016, in the locations where plaintiffs and Provencio worked." I conclude that the sex limitation is valid but the time period limitation is not. Plaintiffs correctly point out that Sephora's records may show that class members may have worked less than 40 hours per week, but actually may have worked more than 40 hours if the time applying makeup is counted and their legal claims prevail. But merely describing the class as females who worked on an hourly basis would not sufficiently limit the class. As to the location limitation that Sephora suggests, there is no requirement that a plaintiff provide evidence of similarly situated employees at every location in the proposed class. *See Adams*, 242 F.R.D. at 537 ("the named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than his own").

Accordingly, plaintiffs' motion for conditional FLSA certification is GRANTED with regard to females employed by Sephora as "Cashiers," "Cash Wrap Coordinators," "Personal Beauty Advisors," and/or "Product Consultants," who worked 40 or more hours, including any time spent applying makeup "off the clock," in a given week, from June 20, 2014 to present.

## II. EQUITABLE TOLLING

Plaintiffs also request that an equitable tolling of fifteen weeks plus the number of weeks until a decision on their motion is rendered for each affected employee. They point to three procedural delays: (1) Sephora's Motion to Stay was filed on February 1, 2017 and denied almost six weeks later on March 13, 2017; (2) the continuation of the status conference for nine weeks after Sephora informed the Court of a potentially related case; and (3) the amount of time it takes for this motion to be decided. Sephora responds that the request should be denied because there has not been any wrongful conduct on its part and no extraordinary circumstances that warrant tolling. I agree.

Under some circumstances, a court may equitably toll an otherwise applicable statute of limitations. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the

plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). In the Ninth Circuit, "[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice." *Castle v. Wells Fargo Fin., Inc.*, C-06-4347-SI, 2007 U.S. Dist. LEXIS 31206, *4 (N.D. Cal. Apr. 10, 2007).

Sephora's motion to stay does not warrant tolling. The motion was filed promptly, had a good faith basis, and was decided prior to the noticed hearing date. *See Adedapoidle-Tyehimba v. Crunch, LLC*, 2013 U.S. Dist. LEXIS 113519, * 25 (N.D. Cal. Aug. 9, 2013) ("good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims."). It is not a reason to toll.

As to the continuance of the case management conference, that was not an "extraordinary circumstance beyond the plaintiff's control" that justifies tolling for nine weeks. This is especially true given that the continuance did not preclude the filing of the motion for conditional certification. Plaintiffs could have brought this motion at any time.

Plaintiffs also ask that I toll the time between the hearing on the motion for conditional certification and the end of the opt-in period, noting that courts have frequently tolled the time during which they have a motion for conditional certification under consideration. Reply at 14 (Dkt. No. 54). Given that I have ruled on the motion promptly after the hearing date, tolling is not necessary.

Accordingly, plaintiffs' request to toll the statute of limitations is DENIED.

### III. CONTENT AND MANNER OF NOTICE

The parties shall meet and confer concerning the form of and timing for the opt-in notice and attempt to agree on those matters within fourteen (14) days of the date of this Order. If the parties cannot agree, they shall submit their proposals to me within fourteen (14) days of the date of this Order, and I will determine the matters promptly.

### CONCLUSION

For the foregoing reasons, I GRANT plaintiffs' motion for conditional collective action certification for females employed by Sephora as "Cashiers," "Cash Wrap Coordinators,"

1  "Personal Beauty Advisors," and/or "Product Consultants," who worked 40 or more hours,
2  including any time spent applying makeup "off the clock," in a given week, from June 20, 2014 to
3  present.
4  **IT IS SO ORDERED.**
5  Dated: December 8, 2017

William H. Orrick
United States District Judge